**RANCHO DRIVE–IN THEATRE, INC., and Bell Drive-In Theatre, Inc., Appellants,**

v.

**TWENTIETH CENTURY–FOX FILM CORPORATION, Appellee.**

No. 19559.

United States Court of Appeals Ninth Circuit.

Sept. 20, 1965.

Joseph L. Alioto, G. Joseph Bertain, Jr., San Francisco, Cal., for appellants.

Noble K. Gregory, Allan N. Littman, Wm. I. Edlund, Aaron M. Peck, Pillsbury, Madison & Sutro, San Francisco, Cal., for appellee.

Before BARNES, BASTIAN and MERRILL, Circuit Judges.

BASTIAN, Circuit Judge.

This is an interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), from an Order of the District Court for the Northern District of California, granting partial summary judgment to appellee. This appeal grows out of complex anti-trust litigation and only those facts material to a decision here will be recited.

On November 4, 1958, Rancho Drive-In Theatres Corporation (referred to hereafter as "Rancho") filed an anti-trust suit against Fox West Coast Theatre Corporation (referred to hereafter as "Fox"), and others. This suit was ultimately settled and compromised as to Fox on August 13, 1959, when a "General Release" was executed in favor of Fox and, among others, "its past and present parents." Joining in this release as a releasor was Bell Drive-In Theatre, Inc. Both Rancho and Bell, appellants here, were among several plaintiffs below who filed, on December 28, 1960, the present anti-trust suit against, among others, Fox and Twentieth Century-Fox Film Corporation (a Delaware corporation referred to hereafter as "Twentieth Century"). After various pleadings, it was stipulated between all plaintiffs below and defendant Fox that, because of the general release of August 13, 1959, no damages were being sought from Fox for the period prior to that date. This stipulation conclusively establishes that the general release given as part of a settlement and compromise of the 1958 suit is applicable to the anti-trust violations alleged in the instant case.

After further pleadings and motions by various parties, Twentieth Century filed a motion entitled "Motion for Further Consideration of Order Denying Partial Summary Judgment," on the basis that it was a past parent of Fox and therefore was also released as to the period prior to August 13, 1959. Upon reviewing the affidavits and memoranda dealing with this phase of the litigation, the District Court granted partial summary judgment in favor of Twentieth Century on all claims of plaintiffs "to and including the 13th day of August, 1959." Six days later, the District Court filed the Certificate of Probable Cause upon which this appeal is based.

Thus, the sole question is whether Twentieth Century is a past parent of Fox within the meaning of the general release. Like the District Court, we believe this to be a question of law, since it is not disputed that for a period of sixty-eight (68) days, from July 22 to September 28, 1952, Twentieth Century owned all of the stock of National Theatres, Inc., which in turn owned all of the stock of National Theatres Corporation, which in turn finally owned all of the stock of Fox.

Appellants' argument is that the aforementioned ownership of stock was the result of a consent judgment which grew out of the case of United States v. Paramount Pictures Corporation et al., 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260 (1948). For the full text of the consent judgment, see United States v. Loew's, Inc., 1951 Trade Cases, Par. 62,861, but it suffices here to say that a New York corporation, known as Twentieth Century Fox Film Corporation (which is not our appellee) was therein forced to divest itself of certain holdings of stock which were deemed monopolistic, some of which stock was that of Fox. From this starting point appellants continue and say that appellee Twentieth Century was merely acting as a transfer agent or conduit for the distribution of stock pursuant to the consent judgment; that Twentieth Century may have owned the Fox stock, but that it neither voted it nor appointed directors for Fox, nor retained any interest in Fox after expiration of the sixty-eight day period. In sum, appellants argue that the reason that Twentieth Century occupied the status of a parent of Fox is the

turning point; that this is a factual issue, and that summary judgment should not have been granted.

We cannot accept this argument, for the reason that we believe the release to be unambiguous. A "past parent" of Fox in the context of this case can only mean a corporation which at one time owned or controlled all the Fox stock directly or indirectly. To attempt to discriminate between all past owners of Fox stock on the basis of why or how they owned the stock would be the same as trying to determine who were past parents by inquiring into the subjective intent of the releasors. Clearly, Twentieth Century is a past parent of Fox. In fact, just a year ago in Twentieth Century Fox Film Corporation v. Goldwyn, 9 Cir., 328 F.2d 190, at 195, this court referred to the New York Twentieth Century Fox Film Corporation as the parent of a group of defendants which included Fox, and it was from this New York corporation that our own Twentieth Century, the Delaware corporation, acquired the Fox stock. We see no basis for holding one of the corporations to be a parent and the other not to be a parent.

Accordingly, we affirm.